IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY JEFFERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:04cv820 |
| | ) |
| INOVA MOUNT VERNON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The matter came before the Court for (i) a status conference, (ii) a hearing on the Court's April 21, 2005 Order directing counsel for plaintiff to show cause why she should not be held in contempt for failing to appear at the final pretrial conference, and (iii) a hearing on plaintiff's motion for substitution of counsel (docket #28).

A review of the procedural history of this case is necessary to resolve the issues at bar. This Title VII action was commenced in July 2004 by the filing of plaintiff's complaint. The signature block of plaintiff's complaint reflects that the complaint was prepared and filed by "Sharon B. Soloway, Esq., [o]n behalf of the law firm of Beattie & Associates, Counsel for Plaintiff." In reliance on this signature, the Clerk recorded attorney Soloway as plaintiff's counsel of record and listed as her contact information the business address and telephone number of the Beattie firm.[1] Yet, the record reflects that in the several months following the filing of the complaint, neither Ms. Soloway nor anyone else affiliated with the Beattie firm attended to plaintiff's case, with the result that counsel for plaintiff (i) failed to confer with

---

[1] It appears that "the Beattie firm," at all relevant times, consisted solely of Michael Beattie, the principal, and that he occasionally hired other lawyers as either associates or independent contractors.

defendant's counsel regarding a joint discovery plan, (ii) failed to provide timely disclosures as required by Rule 26(a)(1), FED. R. CIV. P., (iii) failed to file a timely discovery plan as required by the Court's Scheduling Order of December 15, 2004, and (iv) failed to appear at the initial pretrial conference in January 2005.  As a result of these failures, defendant moved to dismiss plaintiff's complaint in January 2005 pursuant to Rules 37 and 41, FED. R. CIV. P., for failure to comply with discovery obligations and failure to prosecute the action.

Shortly thereafter, defendant withdrew its motion to dismiss after being contacted by Sheila Venable, a new attorney purporting to represent plaintiff on behalf of the Beattie firm. Ms. Venable persuaded defendant to withdraw the motion by agreeing to cure plaintiff's deficient discovery performance, specifically by preparing and providing defendant with the required Rule 26(a)(1) disclosures.  On February 10, 2005, Venable noticed her appearance as plaintiff's counsel of record and filed a pleading stating, by way of explanation, that the attorney assigned by the Beattie firm to work on plaintiff's case had recently left the firm. Approximately one week later, Venable filed a pleading indicating that she was withdrawing as plaintiff's counsel of record.  No motion requesting leave to withdraw was filed, and no order issued granting Venable or the Beattie firm leave to withdraw.

The final pretrial conference in this matter was held, as scheduled, on April 21, 2005. Again, neither plaintiff nor counsel for plaintiff appeared.  On the same date, however, the Clerk's Office received a letter from a non-attorney employee of the Beattie firm requesting a continuance of the conference until May 26, 2005, "in order to provide adequate representation."  The letter further stated that three attorneys who had been working on plaintiff's case — none of whom was Soloway or Venable — had resigned from the Beattie

firm. Thereupon, an Order issued (i) charitably construing the letter as a motion to continue the pretrial conference,[2] (ii) denying the motion, and (iii) directing counsel for plaintiff to show cause why they should not be held in contempt for failing to appear at the final pretrial conference. *See Jeffers v. Inova Mount Vernon Hospital*, Case No. 1:04cv820 (E.D. Va. April 21, 2005) (Order).

In response to that Order, Ms. Soloway filed a pleading explaining that she was not affiliated with the Beattie firm, and had only drafted the complaint as a favor to Michael Beattie, the firm's principal. Soloway's pleading further explained that she had contacted the ethics hotline of the Virginia State Bar, and was advised that her conduct was permissible, and that she should sign the complaint as she did, *i.e.*, "on behalf of Beattie & Associates," to indicate that Beattie, and not she, was counsel of record in the matter. Because this response did not adequately explain the absence of plaintiff's counsel from the final pretrial conference, and because no response was received from Venable or the Beattie firm, an Order issued setting the present status conference to resolve, *inter alia*, questions regarding plaintiff's representation. *See Jeffers v. Inova Mount Vernon Hospital*, Case No. 1:04cv820 (E.D. Va. May 3, 2005) (Order). In the interim, attorney Susan von Struensee filed the present motion for substitution of counsel, requesting that she be substituted for Soloway as plaintiff's counsel of record. Ms. Soloway thereafter filed a response to von Struensee's motion, requesting that the motion be granted and that Soloway be relieved of her duties as plaintiff's counsel. Meanwhile, Ms. Venable, mistakenly believing that her notice of withdrawal had

---

[2] A non-attorney employee cannot file a motion on behalf of a law firm's client. A motion may only be filed by a licensed attorney in accordance with Rule 11, FED. R. CIV. P., and the ethical strictures of the Virginia State Bar. The letter sent by the Beattie firm's employee did not the requirements of these provisions.

terminated her involvement in the case, telephoned chambers to inquire whether she was required to appear at the hearing as ordered.

Attorneys Soloway,[3] Venable, and von Struensee each appeared at the status conference/motion hearing, as did counsel for defendant. In response to the Court's questions, Ms. Soloway explained that based on (i) her agreement with Beattie, (ii) her signature "on behalf of Beattie & Associates," and (iii) her conversation with the ethics hotline, she believed that she had limited the scope of her involvement in this matter to the filing of the complaint, and that she had not represented herself to the Court as plaintiff's counsel of record. As Soloway later conceded, this understanding was mistaken in several respects. Pursuant to Local Civil Rule 83.1, Virginia Rule of Professional Conduct 1.16, and Federal Rule of Civil Procedure 11, an attorney who signs her name to a pleading represents to the Court (i) that she vouches for the content of the pleading, (ii) that she has an attorney-client relationship with the party represented, and (iii) that she will withdraw from representation only with leave of the Court. Neither Soloway's arrangement with Beattie nor the manner in which she signed the complaint altered the effect of these representations. The fact that Soloway was counseled to proceed as she did by the Virginia State Bar's ethics hotline is irrelevant, as it is impossible to know, after the fact, precisely what information was conveyed to the ethics counselor. In any event, Virginia State Bar ethics hotline advice does not relieve an attorney from the obligation of exercising her own judgment as to the proper ethical course to follow, nor does such advice relieve an attorney from shouldering the responsibility for the decisions she makes. Admitting her errors at the hearing, Ms. Soloway provided assurances that in the

---

[3] Soloway was present in person and through her attorney, David R. Rosenfeld, Esq.

future, she would not purport to represent a party unless she genuinely did so, and would not cease her zealous representation of that party without seeking and obtaining leave of the court to withdraw.  *See* LOCAL CIV. R. 83.1; VA. R. PROF. CONDUCT 1.16.

Ms. Venable similarly explained that she also was unaffiliated with the Beattie firm and had been hired by Michael Beattie to perform a few specific tasks on plaintiff's case. Venable further explained that, like Soloway, she had erroneously believed (i) that her representation of plaintiff was limited to the specific purpose for which she was retained by the firm, and (ii) that she effectively ended her representation of plaintiff and her responsibility to plaintiff simply by filing a "Notice of Withdrawal."  Venable admitted that by terminating her involvement in the case without seeking leave of Court, she had failed to meet the requirements of Local Civil Rule 83.1 and Virginia Rule of Professional Conduct 1.16, and provided assurances that she would not again fail to meet her obligations under those provisions.

Ms. von Struensee stated that she had only begun working on the matter the previous week, and thus could not have been present for the final pretrial conference.  She explained further that Beattie had delegated the little work that had been done on plaintiff's case in part because he had been suspended from practicing before another division of this Court.[4]  To relieve the Court's concerns regarding adequacy of representation, von Struensee noted that Beattie had engaged her to see the matter through to trial, and that in her brief time on the

---

[4] This assertion was subsequently verified by reviewing court records.  *See Spangler v. Colonial Ophthalmology*, Case No. 4:02cv114 (E.D. Va. Aug. 13, 2003) (Smith, J.) (Memorandum Opinion and Order); *see also Constantine v. Rectors & Visitors of George Mason Univ.*, Case No. 03cv653 (E.D. Va. Sept. 29, 2003) (Lee, J.) (Order).  Michael Beattie filed no request to appear in this matter in this specific Court.

case, she had endeavored to cure previous instances of neglect, citing the various pleadings she had filed in the short time she had worked on the case.

Given Mss. Soloway's and Venable's genuine statements of contrition and their firm assurances that their conduct will not be repeated, it is appropriate as a matter of grace to dismiss the show cause order. And because Ms. von Struensee has demonstrated commendable zeal and effort in the short time she has appeared as plaintiff's counsel, her motion that she be substituted as counsel of record must be granted.

Accordingly,

It is hereby **ORDERED** that attorney von Struensee's motion for substitution of counsel is **GRANTED**.

It is further **ORDERED** that attorney Soloway's response to plaintiff's motion for substitution of counsel, construed as a motion to withdraw as counsel, is **GRANTED**.

It is further **ORDERED** that attorney Venable's notice of withdrawal, construed as motion to withdraw as counsel, is **GRANTED**.

It is further **ORDERED** that the Order to show cause is **DISMISSED**.

The Clerk is directed to send a copy of this Order to all counsel of record and then to remove attorneys Soloway and Venable as plaintiff's counsel of record in this matter.

    \_\_\_\_/s/_____
Alexandria, Virginia                                       T. S. Ellis, III
May 12, 2005                                             United States District Judge